## Commonwealth v. O'Brien

242

*John Q. Stranahan*, district attorney, for Commonwealth.

*Albert E. Acker*, for defendant.

MCKAY, June 8, 1956.—On June 5, 1956, above-named defendant was indicted for selling and possessing lottery tickets.

On June 7, 1956, defendant moved to quash the indictment on two grounds. First, that no certified list of the name, occupation and residence of every person placed in the jury wheel for the year 1956 was filed of record in the office of prothonotary as required by section 3 of the Act of March 18, 1874, P. L. 46, 17 PS §985. Second, that no list of the names of the persons drawn to serve as grand jurors at the June 1956, sessions was set up by the clerk of quarter sessions court in her office for the inspection of all persons concerned as required by section 123 of the Act of April 14, 1834, P. L. 333, 17 PS §1068.

Identical motions were presented in the cases against Francis Palmer and Joseph R. Baker at nos. 73 and 79, June sessions, 1956, respectively.

A hearing was held on the afternoon of June 7th at which testimony was taken and argument held. An order was then entered refusing the motions to quash in each case. This opinion applies equally to the cases at nos. 73 and 79, June sessions.

The facts disclosed at the hearing show that in December 1955, after the two judges and the two jury commissioners had selected the persons to serve as jurors for 1956, a typed list containing the name, occupation and residence of every such person was delivered by one of the jury commissioners, Fred W. McDowell, to the prothonotary, posted on the bulletin board in his office by that officer and has remained to the time of the hearing. The list as posted contains no signed certification nor was it marked filed or otherwise entered or indexed in the records of the prothonotary's officer.

Jury Commissioner McDowell testified that the list as posted, which was offered in evidence at the hearing, in fact contained the name, occupation and residence of every person placed in the jury wheel for 1956. There was no evidence to refute his testimony and we find that to be a fact.

Defendant contends that the procedure incident to the selection of the jurors was defective because it was not certified by the judges and jury commissioners who prepared it and because it was not filed of record in the office of the prothonotary. He urges further that since the law has not been compiled with, the indictment should be quashed.

It appears that the purpose of the procedure set forth in section 3 of the Act of 1874 is to assure the integrity of jury lists by providing an opportunity for the persons interested to check the list of jurors or grand jurors drawn for any given term of court against the original list of all those selected to serve as jurors for the entire current year. The list required to be filed in the prothonotary's office is prima facie evidence that all the persons whose names appear on it were duly selected. If the name of a person summoned as a juror does not appear on the list, the presumption is that that person was not one of those

selected. However, it has been held that this presumption may be rebutted by proof that he was duly selected and that his name was placed in the wheel according to law: Commonwealth v. Valsalka, 181 Pa. 17, 31.

Consequently, the testimony of Jury Commissioner McDowell rebuts any inference growing out of the failure to file the list and establishes that the list which was posted in the prothonotary's office correctly sets forth the name, occupation and residence of every person selected for jury service for 1956.

Of course, the act should have been complied with and the list should have been certified by the two commissioners and the two judges and filed and indexed in the records of the prothonotary's office. It was testified that it has not been the practice to do more than post the list, as was done in the present case. This departure from the procedure prescribed by law is not justified by custom and should not be repeated.

Nevertheless, we are of the opinion that no rights of this defendant have been prejudiced, for the purpose of the statute, namely that the public have access to the list of jurors for the current year, has been met by the public posting of the list in the office of the prothonotary.

In the case of Klemmer v. Mount Penn Gravity R. R. Co., 163 Pa. 521, the jury list was deposited with the prothonotary but not marked filed of record and was withdrawn from the prothonotary and kept in the sheriff's office. A motion to quash the array was overruled and the Supreme Court affirmed the judgment on the verdict. In referring to the irregularity of failing to formally enter the list of record, the court said, at page 527:

"If such list as this was made out and deposited in the prothonotary's office, that was a substantial compliance with the requirements of section 3 of act of

1874. And although it ought to have been marked filed of record, and ought to have been kept at all times thereafter as one of the records of the prothonotary's office, still, as there is no intimation that it was ever tampered with or concealed, the irregularity is not of that gravity, as at this stage of the trial warrants this court in sustaining the motion to quash."

It is true that in the Klemmer case the list had been certified, whereas, in the present case, even that statutory requirement was not met. Nevertheless, we are of the opinion that the integrity of the list having been established by evidence in open court, the departure from the statutory procedure on the part of the officers is not sufficiently substantial to warrant the quashing of the indictment.

The list, however, should be now certified by the proper officers and formally filed and indexed of record nunc pro tunc, and we will enter an order accordingly.

The second reason advanced in support of the motion to quash is that section 123 of the Act of April 14, 1834, was not complied with. That section provides:

"The commissioners of the several counties respectively shall make out, in alphabetical order, two lists of the names of the persons so drawn, to serve as grand, petit or special jurors, and one of the said lists they shall deliver to the sheriff of the respective county, and the other to the prothonotary or clerk of the proper court, to be set up by them in their respective offices, for the inspection of all persons concerned."

The evidence shows that the jury commissioners made out in alphabetical order two lists of the names of persons drawn to serve as grand jurors at the June term, delivered one list to the sheriff and one to the clerk of the quarter sessions court, and that the clerk made a copy of her list and posted the copy in her office on the bulletin board. The question is whether posting this copy, instead of the original, constitutes

a "setting up" of the list "for the inspection of all persons concerned". It was conceded at the argument that the copy was in all respects accurate and identical with the original. While the original should have been set up instead of a copy, in view of the admission of counsel it is our opinion that the statute in question has been substantially complied with. Its purpose has been fully served and defendant could not possibly have been deprived of any right because of the irregularity complained of.

Procedures provided by law for the protection of defendants charged with crime are fully as important as the substantive law. This is particularly true with respect to provisions guaranteeing the integrity of the selection of jurors. At the same time it must be recognized that the primary purpose of these statutory provisions is to protect the rights of defendant and where, as in the present case, the departures from the strict compliance with the statute on the part of the officers involved in no way infringed any right of defendant, no proper purpose would be served by excusing him from answering the charge lodged against him merely because of the officers' dereliction.

### Order

Now, June 8, 1956, the motion to quash the indictment in the above entitled case is overruled and an exception is noted for defendant.

It is further ordered that leave is given to the jury commissioners to certify the list of jurors for the year 1956, heretofore posted in the office of the prothonotary, nunc pro tunc, the said certification to be joined in by the two judges who assisted in the preparation of the list.

It is further ordered that the list, as so certified, shall be entered of record in the office of the prothonotary and indexed, nunc pro tunc.